### DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

### OF THE

## STATE OF NEW JERSEY,

### NOVEMBER TERM, 1894.

---

MARGARET WOOLVERTON v. CHESTER VAN SYCKEL, ED-
WARD HUMPHREY AND JOHN W. WENE, EXECUTORS
OF THE WILL OF JOHN C. WENE, DECEASED.

That a representative party to a suit has not testified to a transaction or
conversation with his testator or intestate does not preclude testimony
by the other party or parties, concerning transactions and conversa-
tions at which the testator or intestate was not present and in which
he did not participate.

---

On error to the Supreme Court.

The executors of John C. Wene brought suit against Mar-
garet Woolverton and Sylvester G. Woolverton, her husband,
on a promissory note, of which the following is a copy:

"$200.                                      APRIL 1st, 1882.
"One year from date I promise to pay to John Wean or
order, two hundred dollars, with interest ·from date, for value
received.

"MARGARET WOOLVERTON,
"SYLVESTER G. WOOLVERTON."

Margaret Woolverton pleaded *non assumpsit*, and that when the note was made she was the wife of Sylvester G. Woolverton, as surety for whom she signed the note.

At the trial, before the Hunterdon Circuit Court, both the defendants were called as witnesses to show that Mrs. Woolverton signed the note for the accommodation of and as surety for her husband, at their own home, before the note was offered to Mr. Wene. The several questions asked them in this behalf were overruled by the trial justice, upon the ground that the matter related to a transaction with the plaintiff's testator, concerning which they were incompetent to testify

For the plaintiff in error, *Henry A. Fluck.*

For the defendant in error, *Chester Van Syckel.*

The opinion of the court was delivered by

THE CHANCELLOR. In its form, the note sued upon is the joint and several undertaking of Margaret and Sylvester Woolverton. *Hemmingway* v. *Stone,* 7 *Mass.* 58 ; *Brown* v. *Fitch,* 4 *Vroom* 418 ; *Chaffee* v. *Jones,* 19 *Pick.* 263. It is admissible for Margaret Woolverton to show by parol evidence that no consideration passed to her for her signature to that note, and that when she signed it she was a married woman and her signature was affixed by her purely for the accommodation of her husband. *Chaddock* v. *Vanness,* 6 *Vroom* 517. Such a contract would be one of suretyship, which, on the part of a married woman, is unlawful. *Rev.,* p. 637, § 5.

The inhibition of the statutes (*Rev., p.* 378, §§ 3, 4, and *Rev. Sup., p.* 287, § 1), where the representative party to a suit does not testify to a transaction or conversation with his decedent, is against testimony by the other party touching any transaction with or statement by the decedent. The design of that legislation is to produce equality between the parties to such a suit, by silencing the one who may, by his own mouth, be able to testify to transactions and conversations

with the decedent, possibly to the disadvantage of his estate, unless the representative of that estate should, by his own conduct, remove the interdict. *McCartin* v. *Traphagen,* 16. *Stew. Eq.* 323, 328 ; *S. C. on appeal, 18 Id.* 265.

Neither the language nor the reason of the legislation extends the disability beyond transactions and conversations in which the decedent participated.

In the present case the testimony proposed by the over-ruled questions was to relate to the circumstances which surrounded the execution of the note, which happened when the defendant's testator was not present. It was to tell of a transaction between others at which an instrument was created, which, in a subsequent transaction with the testator, came to his hands.

We are of opinion that the testimony proposed was not within the inhibition of the statutes referred to, and that the questions were improperly overruled, and hence that the judgment below must be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, MAGIE, REED, BOGERT, BROWN, GREEN, KRUEGER, SIMS, SMITH. 12.