PROVOST v. ROBINSON, EXECUTOR.

1. The provision in the act concerning witnesses, disqualifying a party from giving testimony " as to any transaction with or statements by any testator or intestate represented in said action," has no effect but to exclude *personal* transactions with the testator or intestate.

2. A plaintiff having proved a contract with the deceased, was then admitted as a witness to show what he had expended and what work he had done out of the presence of the deceased. *Held,* such testimony was legal.

Application for an advisory opinion.

Argued at June Term, 1895, before BEASLEY, CHIEF JUSTICE, and Justice GUMMERE.

For the plaintiff, *Patrick H. Gilhooly.*

For the defendant, *Alvah A. Clark.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   This was a suit brought by the plaintiff against the defendant, as executor, for certain work and labor performed and moneys expended for the deceased during his lifetime as architect and agent in the building of a house.   The contract by virtue of which such services were rendered was fully proved by sundry witnesses, whose testimony was not questioned.   At this stage of the trial the plaintiff was called to the stand, and was, in the face of objection, permitted to prove his work and expenditures in pursuance of the authority thus given.

The competency of this latter testimony is now drawn in question.

It is insisted that the matters to which the testimony related were " transactions with " the testator, and that, consequently, their admission was · prohibited by the express terms of our statute.

The act thus invoked is the supplement to the statute concerning evidence, passed in 1880 (*Gen. Stat., p.* 1407), and is in these words, viz.: " That in all civil actions," &c., " any party thereto may be sworn and examined as a witness, notwithstanding any party thereto may sue or be sued in a representative capacity ; provided, nevertheless, that this supplement shall not extend so as to permit testimony to be given as to any transaction with or statements by any testator or intestate represented in said action."

In its connection with the present case the inquiry arises with respect to the scope of the meaning of the phrase " any transaction with the testator," &c.

Manifestly, the work and expenditures in question were transactions for the testator, but in what way were they transactions with him ?  He was not present when such acts were performed, nor did he, by deed, word or presence, participate in their doing.  Such matters the deceased was interested in, but they plainly were not " transactions with him."  The statute qualifies the party to be a witness in some respects in these cases, but if he is to be excluded from testifying with respect to the subjects here in question, it is difficult to see how his testimony could be in any case available ; it would seem that he could testify only to transactions irrelevant to the issues.  The statutory expression is indistinct, and must, therefore, be interpreted so as to effectuate the legislative purpose as indicated in the context, and that purpose was to incapacitate the living witness with respect to personal intercourse and conversation with the deceased.

But it is not necessary to pursue the subject further, as the interpretation thus signified was, in substance, the exposition of the clause recently adopted by the Court of Errors in the case of *Woolverton* v. *Van Syckel*, 28 *Vroom* 393.

Let the Circuit Court be advised that in the opinion of this court the testimony in question was not erroneously admitted, and that there should not be a new trial on account of its admission.