ELIZABETH R. DICKERSON v. M. WATSON PAYNE, ADMINISTRATOR OF ELLIS NOE, DECEASED.

Submitted December 8, 1900—Decided February 25, 1901.

In an action brought against an administrator to recover for services rendered to the intestate by the plaintiff as housekeeper and nurse, the plaintiff is not competent to testify to services rendered in the presence of the intestate.

On contract. On rule to show cause.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, GUMMERE and COLLINS.

For the plaintiff, *George S. Silzer.*

For the defendant, *Leslie Lupton.*

The opinion of the court was delivered by

DIXON, J. This suit was brought against the administrator of Ellis Noe to recover compensation for services rendered to the intestate by the plaintiff as housekeeper and nurse. At the trial the plaintiff was permitted, against the defendant's objection, to testify that Noe's household, from April, 1893, until his death in December, 1898, consisted of Noe, another man and the plaintiff; that during that time she did all the domestic work of the household, and rendered various services to Noe personally because of his invalid condition.

This testimony was, we think, in the main, illegal. It was received under the act of February 25th, 1880 (*Gen. Stat., p.* 1407), which enabled a party to testify against an adversary suing or being sued in a representative capacity; but which also provided that it should not extend so as to permit testimony to be given as to any transaction with, or statement by, any testator or intestate represented in the action.

In construing this law, Mr. Justice Reed, speaking for the court of last resort, in *Smith* v. *Burnet,* 8 *Stew. Eq.* 314, 322, said: "It is apparent that the object of the legislature is to be primarily regarded, and that the object is to close the mouth of a party whose interest is antagonistic to the estate of a deceased person, in regard to those transactions and conversations in which the deceased bore a part, and concerning which he, if living, would be the most important, perhaps the only, witness beside the opposing party." See, also, *Matthews* v. *Hoagland,* 3 *Dick. Ch. Rep.* 455, 475; *Woolverton* v. *Van Syckel,* 28 *Vroom* 393, and *Provost* v. *Robinson,* 29 *Id.* 222.

Manifestly, in the transactions to which this plaintiff testified, "the deceased bore a part * * * and, if living, would be the most important, perhaps the only, witness" against her. He must have been present when many of her acts, if she testified truly, were performed, and as to those matters, if she testified falsely, he could, as a witness, have directly contradicted her. These are the conditions in which the legislature did not intend to legalize the testimony of a party against an adversary representing a testator or intestate.

For the reception of this evidence, the rule to set aside the verdict and grant a new trial should be made absolute.