### DORCAS BAKER v. CHARLES T. BANCROFT, EXECUTOR, &c.

Argued November 7, 1902—Decided February 24, 1903.

A plaintiff, in an action against an executor for services rendered to the intestate by the plaintiff as nurse, is not competent to testify to services rendered in the presence of the intestate. *Dickerson* v. *Payne*, 37 *Vroom* 35, followed.

---

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and PITNEY.

For the plaintiff, *Howard Carrow.*

For the defendant, *John W. Wescott.*

PER CURIAM.

The plaintiff sues to recover for services rendered by her as nurse to the defendant's testator. She was sworn as a witness in her own behalf, and was permitted to testify, against objection, to various services rendered by her to him, made necessary by his illness. The proviso contained in the fourth section of the Evidence act, as revised in 1900 (*Pamph. L., p.* 363), makes illegal testimony given by any party to an action as to any transactions with, or statements by, any testator or intestate represented in such action, except upon conditions which were not present in this case. That services rendered by the plaintiff as nurse to the testator of the defendant are transactions with such testator, within the meaning of this statutory provision, was decided by this court in the case of *Dickerson* v. *Payne,* 37 *Vroom* 35. The admission of this testimony was harmful error.

The rule to show cause should be made absolute.